DAVON O'NEYL GRAVE V. STATE OF TEXAS CAUSE No. 007-0901-13  IN THE COURT OF CRIM-
THE COURT OF SMITH COUNTY, TEXAS  APPEAL No. 12-13-00350-CR NAL APPEALS AUSTIN, TX
7TH JUDICIAL DISTRICT COURT
AND THE COURT OF APPEALS THE
12TH JUDICIAL DISTRICT TYLER, TX          PD-0345-15       RECEIVED IN
COURT OF CRIMINAL APPEALS                          COURT OF CRIMINAL APPEALS

JUL 02 2015

PETITION FOR DISCRETIONARY REVIEW Abel Acosta, Clerk

Abel Acosta, Clerk  TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL
APPEALS OF TEXAS.

_____, PETITIONS THE COURT TO REVIEW THE JUD-
GMENT AFFIRMING HIS CONVICTION FOR AGGRAVATED ROBBERY -
WITH A DEADLY WEAPON IN CAUSE NUMBER 007-0901-13

## STATEMENT REGARDING ORAL ARGUMENT

THE GROUNDS FOR REVIEW SET FORTH IN THIS PETITION CONCERNS
THE CONFLICTING OPINIONS OF DIFFERENT COURTS OF APPEALS ON THE
SAME POINT OF LAW, AND ORAL ARGUMENT WOULD BE HELPFUL IS
HEREBY WAIVED BY THE PRO SE DEFENDANT

## STATEMENT OF THE CASE

THE PETITIONER WAS CONVICTED FOR AGGRAVATED ROBBERY WITH
A DEADLY WEAPON AFTER A OPEN PLEA OF GUILTY; THE PUNISH-
MENT WAS ASSESSED BY THE JUDGE AT 15 YEARS CONFINEMENT
IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION; THE CONVICTION WAS AFFIRMED BY THE COURT OF APPE-
ALS FOR THE 12TH DISTRICT ON OCT. 18, 2013.

## STATEMENT OF PROCEDURAL HISTORY

THE COURT OF APPEALS RENDERED IT DECISION AFFIRMING
PETITIONER'S CONVICTION ON MARCH 4, 2015. THIS PETITION
WAS THEN FILED WITH THE CLERK OF THE COURT OF APPEALS
WITHIN THIRTY (30) DAYS AFTER SUCH FINAL RULING, TO WIT
ON JUNE 2, 2015 AFTER BEING GRANTED (30) DAYS EXTEND.

## GROUND FOR REVIEW

THEIR TWO GROUND ATTACH TO THIS PETITION FOR DISCR-
ETIONARY REVIEW TO SEE.

## REASON FOR REVIEW

THEIR TWO MEMORANDUM OPINION PER CURIAM ATTACH AS WELL TO BE SEEN. WE AFFIRM.

## PRAY FOR RELIEF

FOR THE REASON HEREIN ALLEGED, THE PETITIONER WAS DENIED A FAIR TRIAL IN CAUSE NO. 007-690-B. THEREFORE, PETITIONER PRAYS THIS COURT GRANT THIS PETITION, AND UPON REVIEWING THE JUDGMENT ENTER BELOW, REVERSE THIS CAUSE AND REMAND IT FOR A NEW TRIAL.

RESPECTFULLY SUBMITTED,

DAVON ONEYL GREAVES

# 1894833
BEADSHAW UNIT
P.O. BOX 9000
HENDERSON TX. 75653

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT COPIES OF THE ABOVE ENTITLED AND NUMBERED PETITION FOR REVIEW HAVE BEEN SENT TO THE COURT OF CRIMINAL APPEALS, BY MAIL, BY DEPOSITING SAME, POSTPAID IN AN OFFICIAL DEPOSITORY UNDER THE CARE AND CUSTODY OF THE UNITED STATES POSTAL SERVICE ON THE 23RD DAY OF JUNE, 2015.

GROUND TWO:

APPLICANT CONTENDS THAT HIS TRIAL COUNSEL JOHN JARVIS CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAIL APPLICANT GAVE HIM ~~HIM~~ INCORECT LEGAL ADVICE; DID NOT REQUEST A PSYCHIATRIC EXAMINATION AND ~~DID NOT SEEK A PRESENT-~~ ENCE REPORT DURING SENTENCE HEARING.

FACTS SUPPORTING GROUND TWO:

THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GURRATEED BY THE SIXTH AMENDMENT THE RIGHT OF REPRESENTION IS APPLICABLE TO THE STATES THROUGH THE DUE PROCESS CLAUDEE OF THE FOURTEENTH AMENDMENT. APPLICANT CHALLENGES A GUILTY PLEA AFTER THE PLEA HEARING WROTE LETTER TO THE TRIAL COURT TO WITHDRAW HIS GUILTY PLEA ALSO INFORM HIS COUNSEL OF THIS WITHDRAW OF PLEA OF GUILTY, NOR DID HE REQUEST A PSYCHIARIC EXAMIHATION, SINCE HIS CONVERATIONS WITH HIS CLIENT GIVE SOME AND SHOW INDICATION THAT APPLICANT GRAVES HAD PSYCHOLOGICAL PROBLEMS. COUNSEL DECIED NOT TO PRESENT IT TO THE COURTS OF HIS

MENTIL STATE OR THE EVIDENCE TO SHOW HIS PSYCH. PROBLEMS. LACK OF CORRECT ADVICE ABOUT TAKING THE OPEN PLEA ROUTE WHEN IN FACTED THE EVIDENCE FROM THE DEFENDANT SO COUNSEL'S REPREEXITATION FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS.

APPLIANT'S MEMORADUM OF LAW
BRIEF INSUPPORT OF ~~ART. 1107 WRIT~~
~~OF HABEAS CORPUS~~: PETITON
FOR DISCRETIONARY REVIEW

To THE HONORABLE JUDGE OF THE COURT
OF CRIMINAL APPEALS:

Comes Now DIAVON ONEYL GREAVES, PETITIONER AND ~~FILES~~ THIS MOTION FOR ANEW RIT OF HABEAS CORUS ART. 1107 WRIT OF HABEAS CORPUS AND SHOWS THE COURT THE FOLLOWING:

GROUND ONE

APPLICANT CONTENDS THAT HIS TRIAL COUNSEL JOHN JARVIS CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN He ~~FAIL~~ APPLICANT GAVE HIM INCORRECT LEGAL ADVICE, DID NOT REQUEST A PSYCHIATRIC EXAMINATION AND DID NOT SEEK A PRE-SENTENCE REPORT DURING SENTENCE HEARING. He NEVER REQUESTED TO WITHDRAW FROM THE CASE, AND/OR ABANDON THE APPLICANT GREAVES' CASE WITHOUT NOTICE TO THE TRIAL COURT OR ~~HIM~~.

ARGUMENT AND AUTHORITIES

THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT THE RIGHT OF REPRESENTATION IS APPLICABLE TO THE STATES THROUGH THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT SEE: CUYLER V. SULLIVAN 446 US. 335, 344, 100 S.CT. 1708, 64 L. ED 2d. 333 (1980). AND LISEN BA V. CALIFORNIA 314 U.S. 219, 236-37 62 S.CT 280, 289-90 166 (1941). GENERALLY IN DETERMINING THE EFFECTIVENESS OF COUNSEL THE COURT SHOULD UTILIZE THE TWO PRONG TEST OF STRICKLAND V. WASHINGTON 466 U.S. 668 104 S.CT 2052, 80 L. ED 2d 674 (1984). [UNDER STRICKLAND V. WASHINGTON 466 US. AT] 687 104 S. CT. 2052 TO PREVAIL ON AN INEFFECTIVE ASSISTANCE OF COUNSEL'S REPRESENTATION FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS.

SECOND THAT HIS DEFICIENT PERFORMANCE PREJUDICED THE DEFENSE. WHEN A DEFENDANT CHALLENGES A GUILTY PLEA AFTER PLEA HEARING WROTE LETTER TO THE TRIAL COURTS TO WITHDRAW HIS GUILTY PLEA ON GROUND THAT IT WAS NOT MADE KNOWINGLY OR FULLY UNDERSTANDING COURT PROCEEDING AND THAT TRIAL LAWYER PROVIDED HIM INEFFECTIVE ASSISTANCE, HE MUST DEMONSTRATE THAT (1) HIS COUNSEL'S ADVICE WAS NOT "'" WITHIN THE RANGE OF COMPETENCE DEMANDED OF ATTORNERY'S IN CRIMINAL CASES"' HILL V. LOCKHART, 474 U.S. 52, 56, 88 L. Ed. 2d 203, 106 S. Ct. 366 (1985) (QUOTING MCMANN V. RICHARDSON, 397 U.S. 759, 771, 25 L. Ed. 2d 763, 90 S. Ct. 1441 (1970)). AND (2) "THERE IS A REASONABLE PROBABILITY THAT, BUT FOR COUNSEL'S ERRORS, HE WOULD NOT HAVE PLEADED GUILTY AND WOULD HAVE INSISTED ON GOING TO TRIAL." Id. AT 59. IN OTHER WORDS, THE TWO-PART STANDARD FROM STRICKLAND V. WASHINGTON, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); APPLIES TO A COLLATERAL ATTACK ON THE VOLUNTARY AND INTELLIGENT NATURE OF A GUILTY PLEA ON SIXTH AMENDMENT GROUNDS. SEE. UNITED STATES V. HORNE, 300 U.S. APP. D.C. 169, 987 F.2d 833, 835 (D.C. CIR). CERT. DENIED, 126 L. Ed. 2d 115, 114 S. Ct. 153 (1993); UNITED STATES V. LOUGHERY, 285 U.S. APP. D.C. 255, 908 F.2d 1014, 1018 (D.C. CIR. 1990); UNITED STATES V. DEL ROSARIO, 284 U.S. APP. D.C 90, 902 F.2d 55, 57 (D.C. CIR) CERT DENIED, 498 U.S. 942 (1990). THE DISTRICT COURT'S FINDINGS OF FACT IN THE COLLATERAL PROCEEDING ARE REVIEWED UNDER THE DEFERENTIAL "CLEARLY ERRONEOUS" STANDARD. DEL ROSARIO, 902 F.2d AT 58. THE FIRST PRONG OF HILL V. LOCKHART IS AN INQUIRY INTO WHETHER COUNSEL'S ADVICE FELL BELOW AN

OBJECTIVE MINIMUM THRESHOLD OF COMPETENCE. 474 U.S. AT 57 (CITING STRICKLAND, 466 U.S. AT 687-88). BECAUSE THE RECORD IN 70F. 3d/1369 THE INSTANT CASE OF TRIAL COUNSEL'S INCORRECT LEGAL ADVICE IS MANIFEST, EFFORTS TO SALVAGE THE SITUATION AT THE EVIDENTIARY HEARING BY ELICITING TRIAL COUNSEL'S INTENDED ADVICE COULD NOT ELIMINATE THE PREJUDICIAL DEFICIENCY. EVEN THE CONDUCT OF DEFENSE COUNSEL AT SENTENCING HEARING WAS UNREASONABLE, DEFENDANT SUFFERED INSUFFICIENT PREJUDICE TO WARRANT SETTING ASIDE HIS AGGRAVATING 15 YEARS SENTENCE BECAUSE, GIVEN OF THE EVIDENCE WOULD HAVE CHANGED THE CONCLUSION THAT THE CIRCUMSTANCES OUTWEIGHED MITIGATING CIRCUMSTANCES AND, HENCE, SENTENCE IMPOSED. THERE WASN'T NO PREPARING BEFORE SENTENCING HEARING, DEFENDANT COUNSEL NEVER SPOKE WITH RESPONDENT ABOUT THE (PSI) ORDER BY THE COURTS, AND DID NOT SEEK OUT ALL EVIDICE TO WORK IN THE FAVOR OF DEFENDANT, OR PSYCHIATRIC EXAMINATION. COUNSEL'S DECISON NOT TO PRESENT EVIDICE CONCERNING APPLICANT'S MENTL COMPARNCY, FAVOR EVIDICE, (~~XXXX~~) AND (PSI). REFLECTED HIS JUDGMENT THAT IT WAS ADVISABLE TO RELY ON THE PLEA COLLOQUY FOR EVIDINCE AS TO SUCH MATTER. THAT COUNSEL HAD RENDERED INEFFECTIVE ASSISTANCE AT THE SENTENCING PROCEEDING IN SEVERAL RESPECTS, INCLUDING HIS FAILURE TO REQUEST A PSYCHIATRIC EXAMATION AND/OR TO INVESTIGATE ~~AND~~ IN TO SEEK THE PRE-SENTENCE REPORT BEFORE THE COURTS. THERE IS A "REASONABLE PROBABILITY", WHICH IS A PROBABILITY SUFFICIENT TO UNDERMINE CONFIDENCE IN THE OUTCOME, THAT BUT FOR COUNSEL'S UNPROFESSIONAL ERROR RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT.

PRO SE DEFENDANT

## GROUND ONE:

APPLICANT CONTENDS THAT THE COURTS, DISTRICT COURT

CONSTITUTED INEFECTIVE DUE PROCESS TO ATTAING PSYCHIATRIC
EXAMINATION BEFORE THE OPEN PLEA AND/OR SENTANCE HEARING.

## FACTS SUPPORTING GROUND ONE:

THE APPCIANT RIGHT TO HAVE MENTAL PSYCHIATRIC

EXAMINATION TO DETERMINE DAVON ONEYL GRAVES

MENTAL STATE DURING OPEN PLEA AND SENTANCE

HEARING. JUDGE AND/OR TRIAL COURT TOOK IT UNPON

THEM SELF BEING THE EXPERT "PSYCH. DOCTOR" AND

RULE ME WITH COMPETENCY DURING THE OPEN

PLEA. WHEN IN FACT INFORM AND SHOW MY INAB

ILITY TO UNDERSTANDING THE COURT PROCESD-

INGS THAT DAY, COURT REPORTER'S RECORDS WOULD

SHOW I HAD INFORM THE TRIAL COURT OF THE

MEDICATIONS AND NOT HAVING THEM BEFORE THE HEAR-

ING. MY ANSWER TO QUESTIONS WAS CONFUSING DO

TO BEING NOT ABLE TO UNDERSTANDING WAS

MENTAL DISABLE TO THE FACTS DURING OPEN PLEA MISMANAGING MY OWN AFFAIRS NONCOMP-OSMANTIS TO THESE MATTERS. TO PREVAIL ON RIGHT TO HAVING AN PSYCHIATRIC EXAMINATION CLAIM SHOW THAT THE TRIAL COURT DID NOT DUE PROCESS TO ATTAING OR ORDER PSYCHATRIC EXAMINATION BY EXPERTS DID HARM APPCICIANT BY NOT BEING ABLE TO UNDERSTAND COURT PROCEEDING, DID VIOLATE HIS PROCESS AND EQUAL PROTECTION RIGHT TO PSYCHIATRIC EXAMINATION BY EXPERT.

TO THE HONORABLE JUDGE OF THE COURT
OF CRIMINAL APPEALS:

COMES NOW DAVON ONEYL GRAVES, PETITIONER AND FILES THIS MOTION FOR AMENDRIT OF HABEAS CORPUS ART. 1107 WRIT OF HABEAS CORPUS AND SHOWS THE COURT THE FOLLOWING:

## GROUND ONE

APPLICANT CONTENDS THAT THE COURT, 7TH DISTRICT COURT CONSTITUTED INEFFCTIVE DUE PROCESS TO ATTAING PSYCHIATRIC EXAMINATION BEFORE THE OPEN PLEA AND/OR SENTANCE HEARING.

## ARGUIMENT AND AUTHORITIES

THE RIGHT TO DUE PROCESS AND EQUAL PROTECTION RIGHT GUARANTEED BY THE FOURTEENTH AMENMENT CONSTITION. APPELLANT CONTENDS THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO SUA SPONTE CONDUCT AN INFORMAL INQUIREY INTO HIS COMPETENCY TO STAND TRIAL AS REQUIRED BY THE CODE OF CRIMINAL PROCEDURE. A TRIAL COURT'S FAILURE TO CONDUCT A COMPETENCY INQUIRY UNDER AN ABUSE OF DISCRETION STANDARD. MOORE V. STATE, 999 S.W.2d 385, 393 (TEX CRIM. APP. 1999) CERT. DENIED, 530 US. 1216, 120 S.CT. 2220, 147 L. ED. 2d 252 (2000); GRAY V. STATE 257 S.W. 3d 825, 827 (TEX. APP.—HOUSTON [14TH DIST.] 2005, (PET. REF'D). CRIMINAL LAW 625.10(3) EVIDENCE CAPABLE OF CREATING ABONA FIDE DOUDT ABOUT A DEFENDANT'S COMPETENCY MAY COME FROM THE TRIAL COURT'S OWN OBSERVATION, KNOW FACTS, EVIDENCE PRESENTED, MOTIONS AFFIDIVITS, OR ANY OTHER CLAIM OR CREDIBLE SOURCE. VELNON'S ANN. TEXAS C.C.P. ART 46B.004. DID HARM DAVON ONEYL GRAVES BY NOT LOOKING AT THE APPLICANT SIGNS OF UNDERSTANDING

COURT PROCEEDING BY LOOKING + READING THE COURT REPORTER'S RECORDS THE ANSWER AND RESPONES TO QUESTION EVEN THE EVIDENCE PRESENTS STATEMENT BY APPLICANT TO HE TAKING PSYCHIATRIC MEDICATION ALSO STATE HIS NOT PLEAD GUILTY "STATED YES" REFERE TO PAGE 25 LINE 9 TRIED TO CAUSE HIM TO PLEAD GUILTY IN THIS CAUSE. EVIDENCE IS USUALLY SUFFICIET TO COSATE A BONA FIDE ABOUT A DEFENDANT'S COMPETENCY IF SHOWS RECENT SEVERE MENTAL ILLNESS, AT LEAST MODERATE RETARDAT-ION, CONFUSING, OR TRULY BIZARRE ACTS BY THE DEFENDANT. VERNON'S ANN. TEXAS CL. P. ART 46B.004. DURING AN INFORMAL COMPETENCY IQUIRY, ATRIAL COURT MUST DETERMINE WHETHER THERE IS ANY EVIDENCE TO SUPPORT A FINDING OF INCOMPETENCY AND IF THE COURT FINDS THAT SUCH EVIDENCE EXISTS, IT MUST ORDER AN EXAMINATION OF THE DEFENDANT. VERNON'S ANN. TEXAS CLP ART. 46B.004. IF EVIDENCE WARRANTS A COMPETENCY HEARING AND THE TRIAL COURT DENIES SUCH A HEARING, THE DEFENDANT IS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL.

PRO SE DEFENDANT

Davon Greaves #1948833
Bradshaw State Jail
P.O. Box 9000
Henderson, TX 75652

SHREVEPORT LA 710

25 JUN 2015 PM 2 L



Court Of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711